In the Matter of the Application of WILLIAM L. COLE, as Administrator, etc., of EMILY C. COLE, Deceased, to Discover Certain Property of Said Deceased Claimed to Be Withheld.

WILLIAM L. COLE, Petitioner, Appellant; FREDERICK A. BALLARD, Respondent.

Second Department, February 28, 1939.

*Emanuel Forst* [*Max Forst* with him on the brief], for the appellant.

*Theodore Studwell*, for the respondent.

PER CURIAM. Appellant is the husband of decedent, respondent is her brother. The property involved was transferred by the decedent to the decedent and brother, joint survivor to take, within about a month of the former's death. At the time she was seventy-seven years of age, in a feeble condition, and fatally ill. Her relationship with her husband had been cordial through a married life of over forty years. Some of the property involved must have been savings out of the earnings of the husband. The brother had lived with, and largely at the expense of, decedent and her husband for nearly thirty years. The brother had taken care of such financial matters in which decedent was interested. The bank account involved had been in her name for about thirty years and the shares of stock for nearly thirty years. The husband knew nothing about the transactions until after his wife's death.

The relationship of brother and sister, the bedridden condition and fatal illness of the decedent, the fact that the brother alone was with her during the daytime, the husband's ignorance of the transfers, the fact that there was no proof of consideration for the transfers, and no reason appearing for preferring the brother to the husband, and the presence of other unusual circumstances lead to the inference that there was not a state of mental equality between brother and sister; that the brother's strong personality governed the weakened one of his sister; that a dominant mind directed the acts of an old woman suffering from a fatal disease. The situation is one which calls upon the brother to give his version of the transactions. (*Matter of Smith*, 95 N. Y. 516; *Doheny* v. *Lacy*, 168 id. 213; *Matter of Weber*, 118 Misc. 653.)

The decree dismissing the petition for discovery of property of the estate at the end of petitioner's case should be reversed on the law and a new trial ordered, with costs to appellant, payable out of the estate, to abide the event.

LAZANSKY, P. J., HAGARTY, DAVIS, ADEL and TAYLOR, JJ., concur.

Decree of the Surrogate's Court, Queens county, dismissing petition for discovery of property of the estate at the close of petitioner's case, reversed on the law and new trial ordered, with costs to appellant, payable out of the estate, to abide the event.